UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR-00-50004-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING DEFENDANT'S |
| vs. | ) | MOTIONS FOR RELIEF |
| | ) | UNDER RULE 60(b) |
| JEFF SWEESY, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, Jeff Sweesy, filed two motions for relief from judgment pursuant to Fed. R. Civ. P. 60(b), challenging his conviction and sentence for attempted manufacture of methamphetamine. Sweesy's motions for relief are denied.

On November 8, 2000, Sweesy was convicted of attempted manufacture of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Based on the United States Sentencing Guidelines, this court sentenced him to 140 months in prison. This was at the bottom of Sweesy's guideline range. On December 24, 2001, the Eighth Circuit Court of Appeals affirmed his conviction and sentence.

On December 9, 2002, Sweesy moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He alleged ineffective assistance of counsel at trial and on appeal, and that the court abused its discretion in

denying his motion for a downward departure for acceptance of responsibility. The court denied Sweesy's motion on August 6, 2003.

On January 28, 2005, Sweesy filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), in which he argued that his 140-month sentence for attempted manufacture of methamphetamine was unconstitutional in light of the Booker decision. On February 22, 2005, Sweesy filed a Rule 60(b) motion based on the Crawford v. Washington case, in which the Court held that hearsay testimony may only be admitted if the defendant has an opportunity to cross-examine the witness. See 541 U.S. 36, 68-69, 124 S. Ct. 1354, 1374, 158 L. Ed. 2d 177 (2004).

The Eighth Circuit Court of Appeals has instructed district courts to conduct a brief initial inquiry to determine whether a purported Rule 60(b) motion is actually a second or successive collateral attack under 28 U.S.C. § 2255 or § 2254. Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002). If the court determines that the Rule 60(b) motion is actually a second or successive habeas petition, the court should dismiss it for failure to obtain authorization from the appellate court, or transfer it to the appellate court. Id. If the district court dismisses the motion, the petitioner may appeal the dismissal to the Court of Appeals. Id. If the district court transfers the motion to the Court of Appeals, the petitioner must wait for the appellate court's decision on whether a second habeas petition is permitted. Id.

> The court may grant relief from judgment for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . . misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied . . . or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60.

"It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005) (quoting United States v. Patton, 309 F.3d 1093 (8th Cir. 2002).  Similarly, the certificate requirement of 28 U.S.C. § 2253(c) "may not be circumvented through creative pleading. Id.  A certificate of appealability is required to appeal the denial of any motion that "effectively or ultimately seeks habeas corpus or § 2255 relief." Id.

Sweesy contends that he is not challenging the constitutionality of his conviction or otherwise seeking to avoid legal barriers to filing successive habeas petitions.  But he is in fact challenging his conviction and sentence based on recently decided United States Supreme Court decisions in which

3

binding sentencing guidelines were held unconstitutional and the use of some hearsay evidence was found to violate the Sixth Amendment Confrontation Clause.  Thus, the court finds that he is actually challenging the constitutionality of his detention.  Because his purported Rule 60(b) motions are "in reality, efforts to file successive motions for post-conviction relief," the court denies his motions for failure to obtain permission from the Court of Appeals.  See Lambros, 404 F.3d at 1037.

    Accordingly, it is hereby

    ORDERED that Sweesy's motions for relief under Rule 60(b) are denied.

    Dated May 17, 2005.

                      BY THE COURT:

                        /s/ *Karen E. Schreier*
                        KAREN E. SCHREIER
                        UNITED STATES DISTRICT JUDGE